UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOAO MONTEIRO,
    *Plaintiff,*

v.                                    C.A. No. 1:21-cv-00046-MSM-LDA

SUSAN CORMIER, TREVOR
LEFEBVRE, DANIEL MULLEN,
TINA GONCALVES, CITY OF
PAWTUCKET, and TAMARA
WONG
    *Defendants.*

## **DEFENDANTS, SUSAN CORMIER, TREVOR LEFEBVRE, DANIEL MULLEN, TINA GONCALVES AND CITY OF PAWTUCKET'S ANSWER**

Now come Defendants, Susan Cormier, Trevor Lefebvre, Daniel Mullen, Tina Goncalves and City of Pawtucket and hereby answer Plaintiff, Joao Monteiro's Complaint as follows:

As to "Introduction"

1. Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph No. 1 of that portion of the Plaintiff's Complaint entitled "Introduction" and leave Plaintiff to proof of the same.

2. Defendants deny the allegations contained in Paragraph Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11 of that portion of the Plaintiff's Complaint entitled "Introduction."

As to "Jurisdiction and Venue"

3. Defendants deny the allegations contained in Paragraph No. 12 of that portion of the Plaintiff's Complaint entitled "Jurisdiction and Venue."

4. Defendants admit the allegations contained in Paragraph Nos. 13 and 14 of that portion of the Plaintiff's Complaint entitled "Jurisdiction and Venue."

*Monteiro v. Pawtucket, et al.*
*C.A. No. 1:21-cv-00046-MSM-LDA*

As to "Parties"

5. Defendants deny the allegations contained in Paragraph Nos. 15, 16, 17, and 18 of that portion of the Plaintiff's Complaint entitled "Parties."

6. Defendants admit the allegations contained in Paragraph No. 19 of that portion of the Plaintiff's Complaint entitled "Parties" as it relates to the Pawtucket Defendants only.

7. Defendants deny the allegations contained in Paragraph No. 20 of that portion of the Plaintiff's Complaint entitled "Parties" and objects to the Pawtucket Defendants being sued in their individual capacities.

As to "Facts – The Unsolved Murder"

8. Defendants admit the allegations contained in Paragraph Nos. 21, 23, and 24 of that portion of the Plaintiff's Complaint entitled "The Unsolved Murder."

9. Defendants deny the allegations contained in Paragraph Nos. 22 and 25 of that portion of the Plaintiff's Complaint entitled "The Unsolved Murder."

As to "Facts – Defendants' "Cold Case" "Investigation""

10. Defendants admit the allegations contained in Paragraph Nos. 26, 27, and 38 of that portion of the Plaintiff's Complaint entitled "Cold Case Investigation."

11. Defendants deny the allegations contained in Paragraph Nos. 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 39, 40, 41, 42, 43, 44, 45, 46, and 48 of that portion of the Plaintiff's Complaint entitled "Cold Case Investigation."

12. Defendant makes no response to the allegations contained in Paragraph No. 47 in that portion of the Plaintiff's Complaint entitled "Cold Case Investigation," in that the said paragraph seeks to summarize "DNA evidence", the contents of which speaks for itself. To

*Monteiro v. Pawtucket, et al.*
*C.A. No. 1:21-cv-00046-MSM-LDA*

the extent that such evidence is interpreted by the Plaintiff, not fully explained or presented out of context, such allegations are denied and the Plaintiff is left to his proof thereof.

As to "Facts - Defendants Bypassed Prosecutors to Secure Plaintiff's Wrongful Arrest"

13. Defendants deny the allegations contained in Paragraph Nos. 49, 50, 51, 52, 53, 54, 55, 56, and 57 of that portion of the Plaintiff's Complaint entitled "Defendants Bypassed Prosecutors to Secure Plaintiff's Wrongful Arrest."

As to "Facts – Plaintiff's Damages"

14. Defendants deny the allegations contained in Paragraph Nos. 58, 59, 60, 61, 62, and 63 of that portion of the Plaintiff's Complaint entitled "Plaintiff's Damages."

As to "Count I – 42 U.S.C. § 1983 – Federal Malicious Prosecution"

15. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 63 as said allegations are incorporated in Paragraph No. 64.

16. Defendants deny the allegations contained in Paragraph Nos. 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, and 87 of that portion of the Plaintiff's Complaint entitled "Federal Malicious Prosecution."

As to "Count II – 42 U.S.C. § 1983 – Arrest without Probable Cause"

17. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 87 as said allegations are incorporated in Paragraph No. 88.

18. Defendants deny the allegations contained in Paragraph Nos. 89, 90, 91, and 92 of that portion of the Plaintiff's Complaint entitled "Arrest without Probable Cause."

As to "Count III – 42 U.S.C. § 1983 – Equal Protection"

19. Defendants reassert and incorporate their responses to the allegations contained in

*Monteiro v. Pawtucket, et al.*
*C.A. No. 1:21-cv-00046-MSM-LDA*

Paragraph Nos. 1 through 92 as said allegations are incorporated in Paragraph No. 93.

20. Defendants deny the allegations contained in Paragraph Nos. 94, 95, 96, 97, and 98 of that portion of the Plaintiff's Complaint entitled "Equal Protection."

As to "Count IV – 42 U.S.C. § 1983 – Conspiracy to Deprive Constitutional Rights"

21. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 98 as said allegations are incorporated in Paragraph No. 99.

22. Defendants deny the allegations contained in Paragraph Nos. 100, 101, 102, 103, 104, and 105 of that portion of the Plaintiff's Complaint entitled "Conspiracy to Deprive Constitutional Rights."

As to "Count V – 42 U.S.C. § 1983 – Failure to Intervene"

23. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 105 as said allegations are incorporated in Paragraph No. 106.

24. Defendants deny the allegations contained in Paragraph Nos. 107, 108, 109, 110, and 111 of that portion of the Plaintiff's Complaint entitled "Failure to Intervene."

As to "Count VI – State Law – False Arrest/Imprisonment"

25. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 111 as said allegations are incorporated in Paragraph No. 112.

26. Defendants deny the allegations contained in Paragraph Nos. 113, 114, 115, 116, and 117 of that portion of the Plaintiff's Complaint entitled "State Law – False Arrest/Imprisonment."

As to "Count VII – Malicious Prosecution"

27. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 117 as said allegations are incorporated in Paragraph No. 118.

28. Defendants deny the allegations contained in Paragraph Nos. 119, 120, 121, and 122 of that

*Monteiro v. Pawtucket, et al.*
*C.A. No. 1:21-cv-00046-MSM-LDA*

portion of the Plaintiff's Complaint entitled "State Law - Malicious Prosecution."

As to "Count VIII – State Law – Intentional Infliction of Emotional Distress"

29. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 122 as said allegations are incorporated in Paragraph No. 123.

30. Defendants deny the allegations contained in Paragraph Nos. 124, 125, 126, 127, 128, 129, and 130 of that portion of the Plaintiff's Complaint entitled "State Law – Intentional Infliction of Emotional Distress."

As to "Count IX – State Law Claim – Slander"

31. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 130 as said allegations are incorporated in Paragraph No. 131.

32. Defendants deny the allegations contained in Paragraph Nos. 132, 133, 134, 135, and 136 of that portion of the Plaintiff's Complaint entitled "State Law – Slander."

As to "Count X – State Law Claim – Indemnification"

33. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 136 as said allegations are incorporated in Paragraph No. 137.

34. Defendants make no response to the allegations contained in Paragraph No. 138 in that portion of the Plaintiff's Complaint entitled "State Law Claim - Indemnification," in that no response is required because said paragraph contains a legal conclusion and seeks to paraphrase "Rhode Island law," the contents of which speaks for itself. To the extent that any such laws or documents are interpreted by the Plaintiff, not quoted in their entirety or are quoted out of context, such allegations and opinions are denied and the Plaintiff is left to his proof thereof.

35. Defendants deny the allegations contained in Paragraph No. 139 of that portion of the

*Monteiro v. Pawtucket, et al.*
C.A. No. 1:21-cv-00046-MSM-LDA

Plaintiff's Complaint entitled "State Law Claim – Indemnification."

## AFFIRMATIVE DEFENSES

Defendants affirmatively plead the following defenses:

### FIRST AFFIRMATIVE DEFENSE

Defendants plead all forms of statutory and common law immunity including the public duty doctrine as a bar to the within complaint.

### SECOND AFFIRMATIVE DEFENSE

Defendants plead absolute and qualified immunity as a bar to the within complaint.

### THIRD AFFIRMATIVE DEFENSE

Defendant, City plead the statutory cap on damages as a bar and restriction on the amount of damages recoverable and exemption from prejudgment interest.

### FOURTH AFFIRMATIVE DEFENSE

Defendant, Susan Cormier objects and contests to the suit being brought in her individual capacity.

### FIFTH AFFIRMATIVE DEFENSE

Defendant, Trevor Lefebvre objects and contests to the suit being brought in his individual capacity.

### SIXTH AFFIRMATIVE DEFENSE

Defendant, Tina Goncalves objects and contest to the suit being brought in her individual capacity.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants assert that a lack of actual malice and common law malice.

*Monteiro v. Pawtucket, et al.*
*C.A. No. 1:21-cv-00046-MSM-LDA*

## EIGHTH AFFIRMATIVE DEFENSE

Defendants assert qualified or conditional privilege as an affirmative defense.

**Defendants demand a trial by jury.**

> Defendants,
> Susan Cormier, Trevor Lefebvre, Daniel Mullen,
> Tina Goncalves and City of Pawtucket,
> By their Attorneys,
>
> */s/ Marc DeSisto*
> Marc DeSisto, Esq. (#2757)
> */s/ Ryan D. Stys*
> Ryan D. Stys, Esq. (#8094)
> */s/ Caroline V. Murphy*
> Caroline V. Murphy, Esq. (#9735)
> DeSisto Law LLC
> 60 Ship Street
> Providence, RI 02903
> (401) 272-4442
> marc@desistolaw.com
> ryan@desistolaw.com
> caroline@desistolaw.com

## CERTIFICATION OF SERVICE

I hereby certify, that on this 17th day of February 2021, I electronically served this document through the electronic filing system upon the following parties:

| | |
|---|---|
| William Devine, Esq. | Megan Pierce, Esq. |
| WVD@dblawri.com | megan@loevy.com |
| | |
| Mark Levy-Reyes, Esq. | Tara Thompson, Esq. |
| mark@loevy.com | tara@loevy.com |

The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

> */s/ Marc DeSisto*