# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOAO MONTEIRO, | ) |
|           Plaintiff, | ) C.A. No. 1:21-cv-00046-MSM-LDA |
| v. | ) |
| SUSAN CORMIER, TREVOR LEFEBVRE, DANIEL MULLEN, TINA GONCALVES, CITY OF PAWTUCKET, and TAMARA WONG, | ) |
| | ) **JURY TRIAL DEMANDED** |
|           Defendants. | ) |

**[PROPOSED]**
**STIPULATED PROTECTIVE ORDER**

**1.      PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, in accordance with Federal Rule of Civil Procedure 26(c) and 45 C.F.R. § 164.512(e)(1), the parties stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order").

**2.      DEFINITIONS**

    **2.1**     **Action:** The above-captioned litigation.

    **2.2**     **Challenging Party**: A Party or Non-Party that challenges the designation of information or items under this Order.

    **2.3**     **"CONFIDENTIAL" Information or Items**: Information (regardless of how it is generated, stored, or maintained), or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), or created, kept and/or maintained by Pawtucket Police Department from 1988 up and until January 30, 2020 for the investigation into the death of Christine Cole

**2.4** **"CONFIDENTIAL: Attorneys' Eyes Only" Information or Items**:

Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection as Protected Health Information (defined below) or as designated Sensitive Documents (defined below).

**2.5** **Counsel (without qualifier)**: Any Counsel of Record (as well as their support staff).

**2.6** **Covered Entity**: Covered Entity shall have the same scope and definition as set forth in 45 C.F.R. § 160.103. Specifically, Covered Entity means (a) a health plan; (b) a health care clearinghouse; and (c) a health care provider who transmits any health information in electronic form in connection with a transaction covered by Subchapter A of 45 C.F.R. Part 160.

**2.7** **Designating Party**: A Party or Non-Party that designates information or items that it produced in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL: Attorneys' Eyes Only."

**2.8** **Disclosure or Discovery Materials**: All Items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.9** **Expert**: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

**2.10** **House Counsel**: Attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.11** **Non-Party**: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.12** <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.13** <u>Party</u>: Any party to this action, including employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.14** <u>Protected Health Information</u>: Protected Health Information (or "PHI") shall have the same scope and definition as set forth in 45 C.F.R § 160.103 and § 164.501. Protected Health Information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) provision of the care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

**2.15** <u>Designated Sensitive Documents</u>: The following documents are designated as Sensitive Documents subject to the provisions for CONFIDENTIAL: Attorneys' Eyes Only" Information or Items: (a) autopsy photographs of decedent Christine Cole; (b) photographs of Christine Cole as a decedent that are not contained in the PowerPoint presented by Detective Susan Cormier to Vidocq Society in January 2020. ; (c) forensic odontology photographs of Christine Cole; and (d) polaroids of the exhumed body of Christine Cole**.**

**2.16** <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Materials in this action.

**2.17** <u>Professional Vendors</u>: Persons or entities that provide litigation support services

(*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.18** **Protected Material**: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL: Attorneys' Eyes Only" falling within one or more of the following categories (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) PHI or medical information concerning any individual; (e) personal identifying information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to the case; (h) documents designated "Sensitive Documents" and the content of such documents (i) the information or tangible things created, kept and/or maintained by Pawtucket Police Department from 1988 up and until January 30, 2020 for the investigation into the death of Christine Cole. Information or documents that are available to the public may not be designated as Protected Material.

**2.19** **Receiving Party**: A Party that receives Disclosure or Discovery Material from a Producing Party.

**2.20** **Requesting Party**: A Party that requests that production of information or items from another Party to this action.

**3.** **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations,

or presentations by Parties or their Counsel that reveal Protected Material. The protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

This Order shall not act as a waiver of the psychotherapist-patient privilege, the attorney-client privilege, or any other statutory or common-law privilege that any party may assert to protect documents from disclosure or from use in this proceeding.

**4. DURATION**

Even after the final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

**5.1** <u>**Restraint in Designating Material for Protection**</u>. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or oral or

written communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Designating Party's attention that information or items that are designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

      **5.2**      **Manner and Timing of Designations**. Except as otherwise stipulated or ordered, Disclosure or Discovery Material that qualities for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

      **(a)**      For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL Attorneys' Eyes Only" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party must also clearly identify the protected portions (*e.g.*, by making appropriate markings in the margins).

      **(b)**      For testimony given in deposition or in other pretrial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing or other proceeding, all protected testimony.

      **(c)**      For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or 'CONFIDENTIAL: Attorneys' Eyes Only." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3** **Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. AUTHORIZATION TO RECEIVE, SUBPOENA, AND TRANSMIT PROTECTED HEALTH INFORMATION.**

**(a)** The Parties and their Counsel are hereby authorized to receive, subpoena, transmit, and use Protected Health Information pertaining to the claims at issue in this litigation to the extent and subject to the conditions outlined herein; this includes but is not limited to any medical examiner report, autopsy, or other report related to the death of Christine A. Cole, DOB January 4, 1978.

**(b)** All Covered Entities are hereby authorized to disclose Protected Health Information pertaining to the damage claims at issue in this litigation to all Counsel in this litigation. Documents containing such Protected Health Information shall be marked "Confidential PHI: Attorneys' Eyes Only." Counsel shall be permitted to use the Protected Health Information only to litigate the above-captioned litigation.

**(c)** Nothing in this Order authorizes any Party to obtain medical records or information through means other than formal discovery requests, subpoenas served pursuant to the procedures outlined in Federal Rule of Civil Procedure 45, deposition, or pursuant to a patient authorization. Likewise, nothing in this Order relieves any Party from complying with the requirements of all applicable state and federal laws. Finally, nothing in this Order shall act as a waiver of the psychotherapist-patient privilege or any other statutory or common-law privilege

that any party may assert to oppose a subpoena or to protect documents from disclosure or from use in this proceeding.

**7.        ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1        Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must return the Protected Material to the Producing Party

or destroy the Protected Material in accordance with section 14 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2        Disclosure of Information or Items Designated "CONFIDENTIAL"**. Unless otherwise ordered by the Court or permitted in writing by the Designating party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

**(a)**        The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this;

**(b)**        The employees or officials of the Receiving Party (including House Counsel) to show disclosure is reasonably necessary for this litigation;

**(c)**        Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this;

**(d)**        The Court and its personnel as well as court reporters and videographers present during depositions;

**(e)** Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

**(f)** During their depositions, witnesses in the action to whom disclosure is reasonably necessary for this litigation. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

**(g)** The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**7.3** **Disclosure of Information or Items Designated "Confidential : Attorneys' Eyes Only"**.

Unless otherwise ordered by the Court, a person in possession of information or items designated "Confidential: Attorneys' Eyes Only" may disclose such information or item designated "CONFIDENTIAL: Attorneys' Eyes Only" only to:

**(a)** The Receiving Party's Outside Counsel of Record in this action, as well as employees and support staff of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

**(b)** House Counsel for the Receiving Party to whom it is reasonably necessary to disclose the information for this litigation;

**(c)** Experts (as defined in this Order) and Professional Vendors of the Receiving Party to whom disclosure is reasonably necessary for this litigation; and

**(d)** The Court and its personnel as well as court reporters and videographers present during depositions.

Information or items designated "Confidential: Attorneys' Eyes Only" may not be disclosed to any Party who is a named litigant in this Action and to whom the information or items designated "Confidential: Attorneys' Eyes Only" were not already available - by virtue of that litigant's pre-existing access to such Information or Items arising out of their employment – prior to the institution of this Action.  Though nothing in this paragraph limits such material to the party's attorney(s) as per the terms of this Order.

Each Receiving Party of any information or item designated "Confidential: Attorneys' Eyes Only" is required to sign a copy of the Acknowledgement Form attached hereto as **Exhibit A**.  Counsel for the litigant to whom any information or item designated as "Confidential: Attorneys' Eyes Only" was produced is required to maintain a copy of the signed acknowledgement form of every person to whom that information or item is disclosed.

**8. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**8.1** **Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary substantial economic burdens, or a significant disruption or delay in the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**8.2** **Meet and Confer**. The Challenging Party shall initiate the dispute resolution process by providing the Designating Party with written notice of each designation that the Challenging party is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to the confidentiality designation is being made in accordance with this specific paragraph of the Order.

The parties shall attempt to resolve each challenge in good faith. In conferring, the Challenging Party must give the Designating Party an opportunity to review the challenged material, to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation.

**8.3** **Judicial Intervention**. If, after making a good faith attempt to resolve the dispute regarding the challenged designation(s), the parties are still unable to reach a resolution, the Designating Party must thereafter seek resolution from the Court. The burden to establish that the challenged designations apply to the Disclosure or Discovery Materials shall remain with the Designating party.

**9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated "CONFIDENTIAL" or "CONFIDENTIAL: Attorneys' Eyes Only" in this action, that Party must:

**(a)** Promptly notify in writing the Designating Party, Such notification shall include a copy of the subpoena or court order;

**(b)** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order; and

**(c)** Cooperate in good faith with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL: Attorneys' Eyes Only" before a determination by the court from which the

subpoena or order issued, unless the Party has obtained the Designating Party's permission or is otherwise legally required to produce the information.

Nothing in these provisions should be construed, however, as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

**(a)** The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL: Attorneys' Eyes Only." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**(b)** In the event that a Party is required, by a valid discovery request, to produce information or items in this action that a Non-Party has designated as "CONFIDENTIAL" or "CONFIDENTIAL: Attorneys' Eyes Only," and the Party is subject to an agreement with the Non-Party not to produce such information or items, then the Party shall: (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information or items requested are subject to a confidentiality agreement with the Non-Party; (2) promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information or items requested, and (3) make the information or items requested available for inspection by the Non-Party.

**(c)** If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's information or items designated as "CONFIDENTIAL" or "CONFIDENTIAL: Attorneys' Eyes Only" and that are responsive to the discovery request. If the Non-Party timely

seeks a protective order, the Receiving Party shall not produce any information or items in its possession or control that are subject to the confidentiality agreement with the Non-Party before a determination by the Court.

**11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

**12.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Order submitted to the Court.

**13.     MISCELLANEOUS**

    **13.1     Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    **13.2     Information Protected From Disclosure By Law**. Nothing in this Order requires a Party to disclose information that is otherwise prohibited from disclosure pursuant to the laws of the United States and/or the Commonwealth of Massachusetts.

**13.3** **Right to Assert Other Objections**. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives the right to object on any ground to the use in evidence of any of the material covered by this Order.

**13.4** **Filing Protected Material**. The Parties are required to redact any Protected Material utilized or quoted in a public court filing. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record in this action. A Party that seeks to file any Protected Material under seal must comply with Local Rule 102.

**13.5** **Revision by the Court**. The Court may revise this Order as it deems appropriate or necessary after giving the Parties notice and an opportunity to be heard.

**14. FINAL DISPOSITION**

Within 60 days after the final disposition on this action, as defined in paragraph 4, each Receiving Party must return all Protected Material (including all Protected Health Information and designated Sensitive Documents ) to the Producing Party or destroy such material. As used in this section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, the Designating Party) by the 60-day deadline that (1) identifies all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial,

deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

**SO ORDERED.**

_____   _____
      DATE   Mary S. McElroy
  U.S. DISTRICT JUDGE

**THE ABOVE ORDER IS STIPULATED THROUGH COUNSEL OF RECORD.**

| **DATED:** | 9.27.2021 | /s/ Mark Loevy-Reyes<br>/s/ William Devine (R.I. Bar No. 3897)<br>Attorneys for Plaintiff Joao Monteiro |
|---|---|---|
| **DATED:** | 9.23.2021 | /s/Caroline Murphy (R.I.# 9735)<br>Attorney for Defendants, Susan Cormier, Trevor Lefebvre, Daniel Mullen, Tina Goncalves and City of Pawtucket |
| **DATED:** | 9.24.2021 | /s/ Beth Landes (pro hac vice)<br>/s/ Michael Field (No. 5809)<br>Attorneys for Defendant Tamara Wong |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOAO MONTEIRO,
    *Plaintiff,*

v.                          C.A. No. 1:21-cv-00046-MSM-LDA

SUSAN CORMIER, TREVOR
LEFEBVRE, DANIEL MULLEN,
TINA GONCALVES, CITY OF
PAWTUCKET, and TAMARA
WONG
    *Defendants*.

## Appendix A

To

## [PROPOSED] STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFF AND DEFENDANTS

I, _____, acknowledge that:

    Counsel has furnished me with a copy of the "Protective Order Between Plaintiff and Defendants" (the "Order");

    I am a member of staff to Counsel, or I am an expert retained by Counsel;

    I understand the terms of the Agreement; and

    I agree to be bound by the Agreement.

_____
Signature

_____
Date