IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOAO MONTEIRO, | ) |
| | ) C.A. No. 1:21-cv-00046-MSM-LDA |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SUSAN CORMIER, TREVOR LEFEBVRE, | ) |
| DANIEL MULLEN, TINA GONCALVES, | ) |
| CITY OF PAWTUCKET, and TAMARA | ) |
| WONG, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 5
TO BAR POLYGRAPH TESTING AND RESULTS**

Plaintiff, Joao Monteiro, moves *in limine* for an order barring the introduction of polygraph testing conducted during the Cole death investigation. In support of his request, Plaintiff states as follows:

**Background**

Plaintiff was subjected to a polygraph examination during Defendants' investigation of the Christine Cole's death. The polygraph evidence was never used as a basis to establish probable cause. *See* Ex. 1 (arrest warrant affidavit). Rather, Defendants Cormier and LeFebvre used it to try to compel Plaintiff into admitting a crime he never committed. That ploy failed.

All evidence related to polygraph testing should be excluded at trial. Evidence of polygraph testing is inadmissible in court proceedings and is therefore irrelevant in this case.

**Polygraph Evidence Is Irrelevant and Should Be Excluded**

Polygraph results are rarely admissible at trial. *United States v. Rodriguez-Berrios*, 573 F.3d 55, 73 (1st Cir. 2009) (citing *Devries v. St. Paul Fire and Marine Ins. Co.,* 716 F.2d 939, 944–45 (1st Cir.1983) (reserving the question "whether a *per se* prohibition against the use of lie

detector tests is appropriate," but noting that "polygraph evidence has long been considered of dubious scientific value and hence has been deemed irrelevant by the federal courts.") (quotation marks and citation omitted)). Because polygraph results have "dubious scientific value" evidence related to them must be barred here. *Id*.

Moreover, Rhode Island has a *per se* rule excluding polygraph examinations as evidence in state court proceedings. *State v. Werner*, 851 A.2d 1093, 1103-04 (2004). Given that polygraph examinations were useless in the underlying criminal case (including a nonfactor for probable cause), they are irrelevant to the claims in this civil case.

For that reason, Defendant Cormier did not even include the purported polygraph evidence as part of her affidavit claiming probable cause to seek an arrest warrant. *See* Ex. 1. Rather, the polygraph evidence was only used to try to coerce Plaintiff into admitting to something he did not do. Defendants Comier and LeFebvre confronted Plaintiff with the fake "evidence" of his guilt to try to get him to falsely confess. Plaintiff did not fall for that trick and maintained his innocence throughout his interrogation. That false evidence should not be allowed to infect this trial.

Not only is polygraph evidence not relevant, any reference on to it would only confuse the issues and mislead the jury and should be barred by Federal Rule of Evidence 403. If the purported polygraph evidence were admitted, there is a substantial risk that the jury would decide the issues here based on that "dubious" evidence and not on the merits. This would unfairly prejudice Plaintiff. The dubious polygraph evidence must be excluded at trial under Federal Rules of Evidence 401 and 403.

WHEREFORE, Plaintiff respectfully requests an order barring the introduction of polygraph testing conducted during the Cole death investigation.

                RESPECTFULLY SUBMITTED,
                **JOAO MONTEIRO**

      BY:  <u>Mark Loevy-Reyes</u>
          *One of Plaintiff's Attorneys*

*Attorneys for Plaintiff*
Mark Loevy-Reyes*
Meg Gould*
Loevy & Loevy
398 Columbus Avenue, #294
Boston, MA 02116
Ph: (312) 243-5900
Fax: (312) 243-5902
mark@loevy.com

Jon Loevy*
Megan Pierce*
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
mark@loevy.com
*Admitted *pro hac vice*

William Devine
D'AMICO BURCHFIELD, LLP
536 Atwells Avenue
Providence, RI 02909
(401) 490-4803
WVD@dblawri.com

## CERTIFICATE OF SERVICE

I, Mark Loevy-Reyes, hereby certify that on October 15, 2024, I filed the foregoing motion *in limine* using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Mark Loevy-Reyes
One of Plaintiff's Attorneys